**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| Patrick Booker, ) | Case No. 3:23-cv-06187-DCC-MGB |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Jean H. Toal; Costa M. Pleicones; ) | |
| Donald W. Beatty; John W. Kittredge; ) | |
| and Kaye G. Hearn; ) | |
| ) | |
| Defendants. ) | |
| ) | |

Patrick Booker ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this civil action pursuant to 18 U.S.C. §§ 241 and 242 against several current and former justices of the South Carolina Supreme Court. (Dkt. No. 1.) Under Local Civil Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review this case and submit findings and recommendations to the assigned United States District Judge. For the reasons discussed below, the undersigned recommends that this action be summarily dismissed.

## BACKGROUND

Plaintiff submitted a pleading labeled, "Affidavit for Criminal Conspiracy," alleging violations of 18 U.S.C. §§ 241 and 242 against South Carolina Supreme Court Chief Justice Donald. W. Beatty; Justice John W. Kittredge; former Chief Justice Costa M. Pleicones; former Chief Justice Jean H. Toal; and former Justice Kaye G. Hearn (collectively, "Defendants"). (Dkt. No. 1.) Specifically, Plaintiff claims that on April 7, 2010,

> [Defendants] did commit the federal and state offense of Conspiracy Against Rights of Citizens and Deprivation of Rights Under Color of Law, in violation of sections 18 U.S.C. 241, 242 in that they did band and conspire together to hinder, prevent, or obstruct a citizen of the United States, Patrick Lee Booker, in the free exercise and enjoyment of his right & privilege—to Due Process and Equal Protection—

secured to him by the Constitution of the United States and obligated to the State of South Carolina *when they entered an order restricting the exercise of his rights without affording Patrick Lee Booker any due process or equal protection of the law*.

(*Id.* at 2–3 (emphasis in original).) This is the extent of the pleading.

## **STANDARD OF REVIEW**

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses, the court must dismiss any complaints, or portions of complaints, that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* "at any time" under § 1915(e)(2)(B). *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989). The United States Supreme Court has explained that the statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits." *Id.* at 326.

As to failure to state a claim, a complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" as required under Rule 8(a)(2) of the Federal Rules of Civil Procedure. To satisfy this standard, a plaintiff must do more than make conclusory statements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the court need not accept as true a complaint's legal conclusions). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense." *Id.* at 679. When "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), the complaint fails to state a claim.

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is therefore charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure to allege facts that set forth a cognizable claim under Rule 8(a)(2). *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990); *see also Iqbal*, 556 U.S. at 684 (outlining pleading requirements under Rule 8, Fed. R. Civ. P., for "all civil actions"). The Fourth Circuit has explained that "though *pro se* litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985).

## **DISCUSSION**

Plaintiff brings this action pursuant to 18 U.S.C. § 241, which makes it unlawful for two or more persons to agree to injure, threaten, or intimidate a person in the United States in the free exercise or enjoyment of any right or privilege secured by the Constitution or laws of the United States or because of his or her having exercised such a right, and 18 U.S.C. § 242, which makes it a crime for someone acting under color of law to willfully deprive a person of a right or privilege protected by the Constitution or laws of the United States. (Dkt. No. 1.)

While these federal statutes govern civil rights violations, they are part of the criminal code and, thus, cannot be used as a vehicle for civil prosecution here. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (finding that a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person); *Diamond v. Charles*, 476 U.S. 54, 64–65 (1986) (collecting cases); *see also Guess v. Brown*, No. 3:23-cv-2957-CMC-SVH, 2023 WL 7928228, at *2 (D.S.C. Nov. 8, 2023), *adopted*, 2023 WL 7924304 (D.S.C. Nov. 16, 2023) (summarily dismissing *pro se* claims brought under 18 U.S.C. § 241 because a plaintiff does not have a judicially-cognizable interest in the criminal prosecution of another person or entity).

Moreover, to the extent Plaintiff is attempting to allege violations of his civil rights under 42 U.S.C. § 1983 in relation to certain judicial proceedings before the South Carolina Supreme Court, Defendants are entitled to absolute judicial immunity for their judicial actions in said proceedings.[1] *See Mireless v. Waco*, 502 U.S. 9, 11–12 (1991); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). Indeed, absolute judicial immunity is a protection from suit, not just from damages, meaning that "claims seeking injunctive relief against a sitting state court judge for actions taken in [her] judicial capacity . . . [are] barred by the plain language of 42 U.S.C. § 1983." *Lepelletier v. Tran*, 633 F. App'x. 126, 127 (4th Cir. 2016) (per curiam). Additionally, judicial immunity is not pierced by allegations of corruption or bad faith; accordingly, even if Defendants' theoretical conduct was improper, they cannot be deprived of immunity simply because "the action[s] [they] took [were] in error, [were] done maliciously, or [were] in excess of [their] authority." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (internal citations omitted). "A judge is absolutely

---

[1] The pleading does not specify any particular criminal or civil proceedings; however, a brief search of the South Carolina Appellate Case Management System indicates that Plaintiff has had numerous judicial proceedings before the South Carolina Supreme Court. *See* https://www.sccourts.org/ACMS/ (limiting search to "Patrick Booker") (last visited Feb. 1, 2024); *see also Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (explaining that a federal court may take judicial notice of the contents of its own records, as well as those records of other courts).

immune from liability for [his or her] judicial acts even if [the] exercise of authority is flawed by the commission of grave procedural errors." *Id.* at 359. Accordingly, any such claims against Defendants are subject to summary dismissal.

## CONCLUSION

In light of the foregoing, the undersigned is of the opinion that Plaintiff cannot cure the defects identified above by amending his pleading. *See Domino Sugar Corp. v. Sugar Workers Local Union 392 of United Food and Commercial Workers Int'l Union*, 10 F.3d 1064 (4th Cir. 1993); *Britt v. DeJoy*, 45 F.4th 790, 798 (4th Cir. 2022). The undersigned therefore **RECOMMENDS** that the Court **DISMISS** this action without prejudice and without further leave to amend.

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

February 1, 2024
Charleston, South Carolina

**The parties' attention is directed to an important notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).