RECEIVED
USDC CLERK, GREENVILLE.
2024 MAR -8  PM 12: 15

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Patrick L. Booker,                              )
             Plaintiff,              )     Case No. 3:23-cv-06187-DCC-MGB
                          )
VS.                                             )     **AMENDED OBJECTIONS TO**
                          )     **REPORT & RECOMMENDATION**
Jean H. Toal; Costa M. Pleicones;               )
Donald W. Beatty; John W. Kittredge;            )
And Kaye G. Hearn,                              )
_____                 )

**TO:**

**The Honorable Donald C. Coggins,** *U.S. District Court Judge,* **appointed by the**
**Honorable Donald J. Trump,** *45th President of the United States of America*:

<u>OUR 45TH PRESIDENT HAS CORRECTLY RECOGNIZED THAT</u>
<u>THERE ARE TWO-TEIRS OF JUSTICE IN AMERICA</u>
<u>THIS CASE IS THE CATALYST TO CHANGE THAT</u>

The United States Department of Justice, by and through a *special counsel*,
recently found that, although U.S. President Joseph R. Biden did "willfully" retain
classified documents *in violation of federal criminal law*, no criminal charges will

1

be brought against the 46th president because he would present to a jury as a *"sympathetic, elderly man with a poor memory."*[1]

What happened to the firm stance that "**NO MAN IS ABOVE THE LAW,**" that is applied to everyone else? A better question would be: when did we, as a country, unilaterally decide that "**sympathetic, elderly men with poor memory**" shall *or may* receive preferential treatment in the administration of the American criminal justice system?

Better still, that being the way of the Department of Justice, let us now ask the DOJ the prudence of releasing from custody at least one of the many other "sympathetic, elderly men and women with poor memory" in our many federal detention and prison facilities in America.

Tragically, the U.S. Justice Department just showed the entire world that there is no EQUAL JUSTICE UNDER THE OF LAW FOR *"ALL"* AMERICANS, ONLY JUST FOR SOME.

To me, and likely to many other Americans, what President Trump has been saying and telling us has certainly proven true: *There are two-tiers of justice in America!*

This case, as discussed below, is to be used as a catalyst for REAL REFORM (*Criminal Justice* Reform; *Judicial* Reform; *Prison* Reform[2]; and now *Victim* Rights Reform) to eradicate the two-tiered justice system for which I am asking President

---

[1] Now the question is whether President Biden can, or should, issue a pardon to himself for his federal offense?

Because of the doctrine of "No man may be the judge of his own cause", I am doubtful of the lawfulness of what would be a self-issued pardon. Nevertheless, I hold the belief that, because a president is unable to pardon himself, his vice president, in the capacity of *acting president*, can or may issue a pardon to the president.

[2] https://a.co/d/8ssXPha

Trump, **as his potential running mate in 2024 U.S. Presidential Election[3]**, to help me spearhead a robust reform agenda for the American people who have been victimized by corrupt public officials, as there are many Americans who are plain fed up with the two-tiers of justice in America! No man, no matter his station in life, is above the law in America; every man and woman in America is subject to the law, ***especially those who swear an oath to uphold the law!***

That means you (the judge/the reader), me, Donald Trump, Joe Biden, the defendants and everyone else in America, *are subject to be held accountable to the law*. Yet we all know, however, that simply is not the case, especially when certain men and certain women are the perpetrators of the crime(s).

Both the facts this case and the decision of Special Counsel Robert Hur, regarding Biden's federal crime, illustrates to the average American that ***if you are a sworn officer of the law, it is extremely difficult and very hard to "simply hold that officer accountable to the law" to which the officer swore to uphold.***

Indeed, this case is going to examine the audacity of those who swear an oath to uphold the law who then claim an "absolute privilege" to break the very law they swore to uphold.

As soon as Special Counsel Robert Hur found Biden's retention to be "willful", under federal law he was duty bound to refer the same to a grand jury investigation for a true bill or no bill indictment. You know it and I know it, *just as Donald Trump know it*, who must be feeling very wronged by his government.

As the judge of this matter with life tenure on the bench your career as a federal judge is not threatened by what would be a mere discharge of your judicial duties,

---

[3] https://www.tiktok.com/@kevinpresident2024/video/7313325679892860203?is_from_webapp=1&sender_device=pc&web_id=7274193986540799531; also see, https://a.co/d/cPdeGxp

pursuant to your power and authority under 18 U.S.C. 3041, in ordering the arrest and imprisonment of the above-named defendants, based upon the underlying verified criminal complaint, for a trial in the Matthew J. Perry Building, United States Courthouse located in Columbia, South Carolina.

But, because of the who these particular defendants are, this federal judge may very well shrink from the discharge of his duty under his oath[4] to administer justice *without respect to persons* and to do equal right to the poor, as he is likely a judge who is a respecter of persons and, at present, I am financially poor.

It is not that I assume this federal judge is generally corrupt; it is that the current system of so-called American criminal justice is broken and unjust, and we know it is broken.

Here, you have five learned justice members who, ***representing South Carolina's entire Judicial Branch as highly visible symbols of government under the rule of law***, came together in collective agreement and decided, as a group, in furtherance of their conspiracy, that they were going to take away the civil rights of an American citizen, and that they were going to do so without affording the American any due process whatsoever. This criminal conspiracy against civil rights was accomplished first, and in secrecy, however, *outside the normal mode of a legal or judicial proceeding*. Their subsequent willful act (of willfully taking away civil rights of an American citizen), done in furtherance of the criminal conspiracy to take away civil rights, was accomplished at a later time an in the complete absence of due process and equal protection of law, totally contrary to what an honorable judge would do. That is criminal under the both state and federal law in America! In the state of South Carolina, and in the United States of America, it is a felony offense for two or more

---

[4] 28 U.S. Code Section 453 – Oaths of justices and judges.

persons to band or conspire together to prevent, hinder or obstruct a citizen in the free exercise and enjoyment of rights and privileges secured to the citizen by the Constitution and laws of both the United States and state of South Carolina, and it is equally a federal felony for a judge to willfully deprive a person of a right or privilege secured to him by the United States Constitution and the laws made in pursuance thereof. You know it, I know it, and now President Donald Trump knows it!

These Defendants must be brought to justice ⚖️ !

In Pierson v. Ray, 386 U.S. 547 (1967) Justice **DOUGLAS**, dissenting, stated:

**"It was recognized that certain members of the judiciary were instruments**

**of oppression and were partially responsible for the wrongs to be remedied.**

**The parade of cases coming to this Court shows that a similar condition now**

**obtains in some of the States. Some state courts have been instruments of**

**suppression of civil rights. The methods may have changed; the means may**

**have become more subtle; but the wrong to be remedied still exists."**

THE FACTS:

Nearly fourteen (14) years ago, on April 7, 2010, all five of South Carolina's highest-ranking judges came together *in a secret agreement, outside of any judicial proceeding,* to restrict the civil rights of a citizen of the United States and, based on that agreement, later thereafter issued an Order restricting, indefinitely, the free exercise and enjoyment of a certain civil right of the United States citizen.

**Their conspiracy occurred in complete secrecy, outside of and prior to any judicial proceeding**: the judges willfully refused to notify the U.S. citizen of their plan to take away his civil rights, and they willfully refused to afford the U.S. citizen any opportunity to defend or protect his civil rights from being taken: None of the learned justices, *not one of them*, afforded the U.S. citizen any semblance of Due Process/Equal Protection of Law in willfully depriving his rights secured by the US Constitution. This is a flagrant violation of both criminal and civil rights code of federal laws, for which relief may be granted criminally (18 U.S.C. 242 and 242) and civilly (42 U.S.C. 1983 and 1985(3)).

You know it, I know, and now Donald Trump knows it. The system is broken and unjust!

The U.S. citizen was not a party to the judges' actions; he was never notified, nor afforded an opportunity to be heard, prior to their criminal conspiracy and criminal action against his rights.

<u>THE CRIMES</u>:

In the United States of America, it is a crime-*a felony offense*- for someone acting under color of law to willfully deprive a person of a right or privilege protected by the Constitution or laws of the United States. See 18 U.S.C. 242.[5]

The defendants willfully deprived me of my constitutional rights to due process and equal protection of law, in acting to restrict my free exercise and enjoyment of my civil rights.

However, their criminal act of willfully depriving me of my secured rights and privileges was based upon their prior criminal conspiracy, in violation of 18 U.S.C section 241, which occurred in secret at the Supreme Court building, outside of any legal or judicial proceeding.

Their conspiracy is not protected by any immunity, and 42 U.S.C. sections 1983 and 1985(3) provides for civil avenue for redress in this Court, while 18 U.S.C. sections 241 and 242 provides for a criminal avenue for relief in this Court.

No judge, let alone a group of judges, may, outside of judicial proceedings, conspire by and between each other to willfully deprive a person of his secured rights and privileges, without due process, and then, "later thereafter", when resolving an appellate matter involving the person, insert an unlawfully made Order willfully depriving the person of his rights and privileges without any due process or equal protection of law.

---

[5] **O'Shea v. Littleton**, 414 U.S. 488 (1974) ("Judges who would willfully deprive the citizen of his constitutional rights, as this complaint alleges, must take account of 18 U.S.C. section 242. We have never held that the performance of the duties of judicial officers requires or contemplates the immunization of otherwise criminal deprivation of constitutional rights. On the contrary, the judicially fashioned doctrine of official immunity does not reach so far as to immunize criminal conduct proscribed by an Act of Congress.")

THE VICTIM:

On April 7, 2010, I became a direct *victim* of the criminal action of the above-named overreaching, corrupt government actors.

Particularly, I became a direct victim of the criminal action of Jean Toal, Costa Pleicones, Donald Beatty, John Kittredge and Kaye Hearn, *all of whom, acting under the color of law, willfully deprived me, a U.S. citizen, of my right and privilege to Due Process and Equal Protection of Law, <u>after having conspired to do so</u>.*

REQUEST OF VICTIM TO REFER SWORN

FACTS OF CRIME TO IMPANELED

FEDERAL GRAND JURY

On December 1, 2023, I entered the Matthew J. Perry Building, a federal U.S. Courthouse, carrying a verified criminal complaint entitled "Affidavit for Criminal Conspiracy" whereupon I approached the Clerk of Court and sought access to the grand jury foreperson, to provide the same with the affidavit for grand jury investigation, asserting my inherent rights, *<u>as a "U.S. citizen"- as a "victim" of federal crime-as a "private attorney general"- but, even more importantly,</u>* **<u>in order to bind any reviewing judge or attorney of the United States to his or her oath to administer justice without respect to persons and to do equal right to the poor</u>**, *<u>as an "Advocate of Justice"</u>*, to present the verified criminal complaint to an impaneled grand jury, pursuant to my recognized First Amendment right to petition the

8

government.[6] The clerk of court informed me that only an attorney of the United States may refer a matter to the grand jury and, thereupon, refused to permit me access to the grand jury foreman and refused to accept my verified criminal complaint[7], *unless and until I agreed to allow him to file the matter as a civil complaint.*

Accordingly, though I sought to submit the matter as a criminal complaint[8] to the impaneled federal grand jury for investigation of alleged federal offenses against the United States, I was nevertheless constrained to file it as a civil action.

I was satisfied that the verified criminal complaint was accepted and "filed" in a court of the United States, *even if under the guise of being a civil matter*, because now any federal judge who review the same is under an oath bound obligation to administer justice without respect to persons and to do equal right to me.

Because the underlying document is clearly a verified *criminal* complaint, the federal judges assigned to hear and determine this matter are under an ongoing oath

---

[6] **Booker v. SCDC**, 855 F.3d 533 (4th Cir. 2017) (recognizing that the Supreme Court held that First Amendment's Petition Clause protects the right of the citizen to petition all levels of government)
https://www.tiktok.com/@kevinpresident2024/video/7308659487102012714?is_from_webapp=1&sender_device=pc&web_id=7336628845049628203; see also, https://share.newsbreak.com/66wuby75
[7]
https://www.tiktok.com/@kevinpresident2024/video/7309255781788945707?is_from_webapp=1&sender_device=pc&web_id=7336628845049628203
[8] The language of 28 U.S.C. section 1915 (that "any court of the United States may authorize the prosecution...of any...action...criminal...by a person"), including S. C. Code of laws section 17-13-10 (that "Upon [certain circumstances] any person may arrest the felon or thief and take him to a judge or magistrate, to be dealt with according to law.") supports the argument, made herein below, that statutory laws has created a judicially cognizable interest in private citizens being able to initiate criminal prosecution.

bound obligation to refer the same to the impaneled grand jury for investigation, pursuant to 18 U.S.C. section 3332(a).

---

## OBJECTIONS TO REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

I specifically object to the written portion of the Report & Recommendation (the Report) entitled "Background" on the basis that the assigned magistrate judge, in setting forth background, intentionally omitted a material sworn fact. Specifically, the magistrate judge quoted the language of my verified complaint—claiming her version to be "the extent of the pleading", while completely omitting the material sworn facts of the verified criminal complaint which is that the defendants were acting "***without any jurisdiction for want of due process.***"

That omission by the magistrate is "material" because the omitted sworn fact is the "linchpin" to show that the defendants, *contrary to the magistrate's later conclusion,* would not be entitled to absolute judicial immunity, as no judge is entitled to absolute judicial immunity for acts taken without jurisdiction.

It was thus clear error for the magistrate judge to set forth an incomplete rendition of the material facts of the verified complaint, while claiming her rendition to be "the extent of the pleading."

Secondly, I object to the written portion of the Report entitled "STANDARD OF REVIEW" where the magistrate judge committed clear error when she found that this matter is governed by 28 U.S.C. section 1915(e)(2)(B). That section explicitly applies to actions or appeals that are—frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.

Here, there the verified criminal complaint is not frivolous or malicious, does not seek monetary relief against a defendant who immune from such relief, and does indeed state a claim on which relief may be granted (as will be shown further herein below). Accordingly, the magistrate judge committed error in finding summary dismissal appropriate at this juncture of the proceeding.

Thirdly, I object to the written portion of the Report entitled "Discussion" where the magistrate found:

(1) that my verified criminal complaint cannot be used to criminally prosecute the defendants because "a private citizen does not a judicially cognizable interest in the prosecution or non-prosecution of another person" and;

(2) that "to the extent Plaintiff is attempting to allege violations of his civil rights under 42 U.S.C. section 1983 in relation to certain judicial proceedings before the South Carolina Supreme Court, Defendants are entitled to absolute

judicial immunity for their judicial actions in said proceedings", noting that the verified criminal complaint "does not specify any particular criminal or civil proceedings" but that the Court take judicial notice of the fact that I have "had numerous judicial proceedings before the South Carolina Supreme Court."

### FEDERAL AND STATE STATUTES CREATED IN PRIVATE CITIZENS, A JUDICIALLY COGNIZABLE INTEREST IN THE PROSECUTION OR NON-PROSECUTION OF ANOTHER.

Over fifty-years ago, in 1973, the Supreme Court held: "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." ***Linda R.S. v. Richard D***., 410 U.S. 614, 619 (1973). The court did not consider or decide whether a federal or state statutory provision can create a "judicially cognizable interest in the prosecution or non-prosecution of another by a private citizen". This case makes the argument that a statutory can create such an interest, and that the statutes cited herein create such an interest in private persons.

Our system of criminal law has its roots in England. Originally, there was no criminal law "system" as we know it today, no network of police agencies and government prosecutors. When a crime was committed, it was up to the members of the community to apprehend the perpetrator, and (except in cases where the crime

12

was of particular interest to the crown) it was up to the victim to prosecute the case in court.

The basic premise of this system was that criminal conduct constituted an injury to the victim; either to the victim's physical self, or to the victim's property, or to the victim's dependents. Thus, it was the victim's task to bring the perpetrator to court so that the perpetrator could be punished. As explained in Wayne R. LaFave, Jerold H. Israel, and Nancy J. King, Criminal Procedure (2nd ed.1999),

[T]he English originally viewed the responsibility of the state for the administration of justice as "limited to providing means by which the injured person, or his kinsman or friends[] might secure adequate redress without resorting to private warfare." When the Normans introduced the jury, they did not substantially alter that philosophy. They sought merely to gain the advantage of community knowledge of local events. As first established, jurors were neighbors who are likely to know something of the facts in question. They typically based their verdicts on their own knowledge and what they heard from their friends. As England moved from a rural to a more urbanized society, it was no longer possible to assume that jurors were self-informed. A method had to be developed for presenting the facts to the jury in the course of the trial. At that time, the English still had a strong tradition of private prosecution (although its underlying philosophy arguably had shifted the role of the private person from [seeking] personal vindication to assisting the state in redressing a wrong against the state), and the juries had already established the practice of hearing occasional witnesses. The natural progression, it is argued, was to move to an adversary trial in which both sides were allowed to present their own witnesses and to cross-examine the opposition's witnesses. LaFave, § 1.4(c), Vol. 1, p. 177 n. 113 (citations omitted).

As LaFave indicates, the involvement of the state in this process was seen as a beneficial substitute for private retribution and vendetta. Although the victim personally prosecuted the case, a jury decided whether the defendant was guilty, and a judge imposed punishment on the guilty. Even so, "the early English view [was that] criminal prosecution [was] a means of providing personal redress, with the person claiming to be the victim of a crime having personally to establish his right to redress."[1]

This was the system that the early American colonists imported from England:

13

Under the English common law system that the colonists brought with them to this country, satisfaction of the victim's interest in gaining the conviction of the offender lay largely in the victim's own hands. With no organized police department, if investigation was needed to determine who had committed the crime, that task fell to the victim (unless the Crown had some special interest in the offense). Whatever governmental assistance was available often came at a fee, as did much private investigative assistance. Once the identity of the offender was determined, the victim had to arrange for the arrest and the issuance of the arrest warrant. Since the English common law system also relied primarily on private prosecution, the victim then bore the responsibility of presenting the prosecution [case] at trial. . . . LaFave, § 1.4(k), Vol. 1, pp. 209-210 (footnotes omitted). This system obviously favored the rich and powerful those with sufficient influence and resources to apprehend the purported wrongdoer and to pursue the case in court.

But by the late eighteenth century, society's view of criminal conduct and the proper function of the criminal law had begun to change. Criminal conduct was no longer viewed as a private injury to the victim. Rather, crime was seen as an injury to the community. Criminal investigations were conducted by public police departments, and criminal prosecutions were brought by the state on behalf of the community as a whole. It became the government's task to bring the wrongdoer to justice: government prosecutors, not crime victims, decided whether charges should be filed; likewise, if charges were filed, government prosecutors directed the litigation of those charges.

[During] the ... half century [following American independence], public prosecutors gained a virtual monopoly over the decision to prosecute and the presentation of the prosecution [case] at trial. Most jurisdictions continued to permit private attorneys representing the victim to participate in the prosecution, but that practice ordinarily was dependent upon the permission of the prosecutor and was used primarily in misdemeanor cases. . . . Another somewhat later development impacting the victim's role was the establishment of the local police department. With the police department available to conduct investigations and make arrests, the victim's role in these aspects of the process was reduced dramatically. Victims were not legally precluded from either conducting investigations or making arrests, but the legal, economic, and other advantages enjoyed by the police made victim[s'] use of that authority impracticable in all but exceptional cases. In large part, the victims' actions at this stage of the process came to be limited to reporting offenses to the police and then

14

providing such additional cooperation (e.g., eye-witness identification) as the police might request. LaFave, § 1.4(k), Vol. 1, pp. 210-11 (footnotes omitted).

Crime was no longer perceived as primarily an injury to the individual victim. Rather,

crime [was] now conceived of entirely in terms of an offense against society. The damage to the individual victim [was] incidental[,] and its redress [was] no longer regarded as a function of the criminal justice process. Rather, it [was] separated off and . . . treated as a matter of civil justice. While the victim [was] allowed to decide what [should] be done with the case as a civil matter[,] . . . the criminal case belong[ed] solely to the state and public officials.

LaFave, § 1.4(k), Vol. 1, p. 211 (quoting William McDonald, "Towards a Bicentennial Revolution in Criminal Justice: The Return of the Victim", 13 Am.Crim. L.Rev. 649, 650 (1976)).

By the twentieth century, it was firmly established that "in American jurisprudence..., a private citizen lacks a judicially cognizable interest in the [criminal] prosecution or non-prosecution of another...." Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S. Ct. 1146, 1149, 35 L. Ed. 2d 536 (1973).

Obviously, this meant that there would be times when government prosecutors would be at odds with crime victims. The government prosecutor might not view the facts in the same way as the victim, and thus the prosecutor might conclude that no crime had been committed. Or the prosecutor might agree that a crime had probably been committed, but nevertheless conclude that the case could not be proved in court. Or the prosecutor might disagree with the victim concerning the proper charges to file against the defendant. Or, after charges were filed and the case brought to court, the prosecutor might disagree with the victim concerning how the case should be litigated, or whether (and on what terms) the case should be settled, or what punishment should be sought in the event of the defendant's conviction.

It was not that lawmakers failed to recognize these potential conflicts. Rather, it was perceived that these problems were outweighed by the societal benefits of having an

15

objective government official, as opposed to a person whose personal interests were at stake, decide whether a citizen should be charged with a crime, and what that charge should be, and how that charge should be litigated or settled.

And yet, in the latter part of the twentieth century, some people began to call for a re-evaluation of the victim's role or, more precisely, non-role in this modern system. **The reformers** asserted that, because crime victims had no right to actively participate in the criminal justice process, the criminal justice system had stopped paying sufficient attention to the people harmed or threatened by criminal conduct. Responding to this criticism, various states enacted statutes or constitutional amendments (or both) which were (in the words of the Massachusetts Supreme Court) "intended to change the traditional [role] of victims from virtually silent observers to active participants in the criminal justice process.

Contrary to the finding and conclusion of the magistrate judge, the language of 28 U.S.C. section 1915 (that "any court of the United States may authorize the prosecution…of any…action…criminal…by *a person*"); S. C. Code of laws section 17-13-10 (that "Upon [certain circumstances] *any person* may arrest the felon or thief and take him to a judge or magistrate, to be dealt with according to law.");

S. C. Code of laws section 22-5-110(B)(2) (that "If an arrest warrant is sought by *someone other than a law enforcement officer*, the court must issue a courtesy summons."); S.C. Code of laws section 22-5-115(A)(that "Notwithstanding any other provision of law, a summary court or municipal judge may issue a summons to appear for trial instead of an arrest warrant, based upon a sworn statement of *an affiant who is not a law enforcement officer* investigating the case, if the sworn statement establishes probable cause that the alleged crime was committed. The summons must express adequately the charges against the defendant. If the

defendant fails to appear before the court, he may be tried in his absence or a bench warrant may be issued for his arrest. The summons must be served personally upon the defendant."); In re Newberry County Magistrate English,367 S.C. 297, 625 S.E. 2d 919 (S.C. 2006) (that "…judges should only issue warrants *when approached by victims*, law enforcement, or prosecutors presenting sufficient evidence for the issuance of warrants.") certainly supports my argument that statutory and/or common laws have "*created a judicially cognizable interest in private citizens*" being able to initiate criminal prosecution of another.[9] This argument is one of first impression that warrants determination by this Court, as it is my counter argument to the fifty-year-old ruling of the Supreme Court.

In the addition to the above, THE RIGHT AND DUTY OF THE CITIZEN TO PRIVATELY PROSECUTE CRIME

https://docs.google.com/document/d/1NAEuGYG6AQVqy23o26ODqojWiXreZtpUizp0I89Ev7M/mobilebasic

Ministers of Justice and Private Prosecutors

THE RIGHT AND DUTY OF THE CITIZEN TO PRIVATELY PROSECUTE CRIME


THE CITIZEN IS THE MASTER

"the central principle of the First Amendment is that the citizenry is the master and the government is the servant. "(New York Times Co. v. Sullivan)

GOVERNMENT'S RELIANCE ON PRIVATE PROSECUTION FOR THE ENFORCEMENT OF THE LAW

"[the government] relied heavily on private attorneys general for effective enforcement. Congress acknowledged that it could not secure compliance solely

---

[9] Attached hereto and incorporated herein by reference, please see an unsigned criminal complaint against these defendants.

through enforcement actions initiated by the Attorney General. Newman v. Piggie, Park Enterprises, 390 U.S. 400 (1968) (per curiam).

See: "civil rights plaintiffs are relied upon to act as "private attorneys general"1 in the prosecution of civil rights violations." H.R. REP. No. 1558, supra note 11, at 1 ("The effective enforcement of Federal civil rights statutes depends largely on the efforts of private citizens."); S. REp. No. 1011, supra note 1, at 2, reprinted in 1976 U.S.C.C.A.N. at 5910 ("All of these civil rights laws depend heavily upon private enforcement, and fee awards have proved an essential remedy if private citizens are to have a meaningful opportunity to vindicate the important Congressional policies which these laws contain.").

THE RIGHT OF PRIVATE PROSECUTION

The individual private Citizen has the protected right to privately prosecute criminal offenses in criminal courts, and seek indictments from the grand jury, without interference, and does so as an attorney for the state, United States, his nation, or the United Nations.

In the early days of our Republic, "prosecutor" was simply anyone who voluntarily went before the grand Jury with a complaint. — United States v. Sandford, Fed. Case No.16, 221 (C.Ct.D.C. 1806).

"The Constitution reflects a significant concern with preventing corruption in all levels of the government." (Henning, 92 Kentucky L.J. 75, 84 [2003]).

"Thus, the Constitution permits impeachment of any officer of the United States, including the President and Vice President, for "Treason, Bribery, or other high crimes and Misdemeanors." (U.S. Const., art. II, §4).

"the individual, in such situations, who wishes to see the law enforced has a remedy of his own: he can bring a private prosecution. This historical right which goes right back to the earliest days of our legal system, though rarely exercised in relation to indictable offences… remains a valuable constitutional safeguard against inertia or partiality on the part of authority". (Wilberforce in Gouriet v Union of Post Office Workers [1978] AC 435, 477; Recently affirmed by the Lord Chief Justice in R (Virgin Media Limited) v Munaf Ahmed Zinga [2014] EWCA Crim 52 (paragraph 55))

"Additionally, victims [and their representatives] may independently assert their right to restitution, absent state involvement." (See Melissa J. v. Superior Court, 237

Cal. Rprt. 5, 6-7 (Cal. Ct. App. 1987) (allowing victim to petition court for relief directly when her restitution award was terminated, without notice).

"the defendant's right to notice and the plaintiff's right to access is reasonable." Boddie v. Connecticut, 401 US 371 - Supreme Court 1971

"The power to bring a private prosecution is an ancient one explicitly preserved by s6 POA 85 … it seems inevitable that the number of private prosecutions will increase, particularly in areas relating to the criminal misuse of intellectual property [i.e., Public Offices and statutes of states]. In the overwhelming majority of such cases, a prosecution will serve the public interest in addressing such criminal conduct.'''" (Gourmet v Union of Post Office Workers [1978] AC 435, 477.)

POLITICAL RIGHTS. "Those which may be exercised in the formation or administration of the government."( People v. Morgan, 90 Ill. 563.), "Rights of citizens established or recognized by constitutions which give them the power to participate directly or indirectly in the establishment or administration of government."( People v. Barrett, 203 Ill. 99, 67 N.E. 742, 96 Am.St.Rep. 296; Winnett v. Adams, 71 Neb. 817, 99 N.W. 684.) full doc in link

Without uninfringed, secret access to the Grand juries, the citizenry is no longer the master of the government. "The central principle of the first amendment is that the government is the servant, and the citizenry is the master."

Without the ability to investigate, prosecute, convict, and sentence corrupt officials, the citizenry becomes the "subject" of those criminal organizations. We cannot blame government because government is an inanimate object.

"The hand that wields government unlawfully is culpable."

We must stand on our right to approach the grand jury and request indictments in secret and without license nor permit.

It is time to clarify the inherent and statutory power of a victim of crime to initiate the criminal prosecution of their perpetrator(s).


**BECAUSE THE VERIFIED CRIMINAL COMPLAINT AVERS THE JUDGES ACTED WITHOUT JURISDICTION THEY WOULD NOT**

## BE ENTITLED ABSOLUTE JUDICIAL IMMUNITY.

The Supreme Court of the United States has long held that judges do not have absolute judicial immunity for their acts taken in the complete absence of any jurisdiction[10].

In this case, the verified criminal complaint clearly and plainly avers that the defendants, while at the South Carolina Supreme Court building, ***acting without jurisdiction for want of due process***, engaged in a criminal conspiracy to deprive me of my civil rights and the complaint goes on to describe the exactly how the defendants, based upon that criminal conspiracy, willfully deprived me of my constitutional right of due process and equal protection of law.

Nothing in the verified criminal complaint alleges the defendants were acting in any proceeding, criminal or civil, judicial or non-judicial. Indeed, the verified complaint, which this Court is duty-bound to accept as true, avers that the defendants, while at the supreme court building, acting without jurisdiction, conspired by and between themselves to deprive a U.S. citizen of his civil rights. **The averments of the underlying complaint, when accepted as true, _does not show_, on its face, that the defendants are entitled to absolute judicial immunity.**

---

[10] https://mail.google.com/mail/u/0?ui=2&ik=cb678461f1&attid=0.1&permmsgid=msg-a:r3769705592089440971&th=18dc150145471e5c&view=att&disp=inline&realattid=18dc14e8a9f799c297c1

Thus, it was error for the magistrate judge to conclude that the facts of the underlying complaint show the defendants are entitled to absolute judicial immunity for their act of conspiring to deprive civil rights. In addition to that error of the magistrate, *because the complaint does not seek monetary relief*, it was error for the magistrate to address absolute judicial immunity.

Indeed, the magistrate judge committed yet more error, to which I object, in not accepting, at this juncture of the proceeding, the facts of the verified complaint to be true and correct: rather than accept my verified allegations to be the "facts" of the defendants' conduct, the magistrate judge characterized my verified factual averments as the defendants' "***theoretical conduct***".

That is proof that the magistrate judge did not accept, as true and correct facts, the verified averments of the complaint against the defendants. Rather, she resolved the matter as a theory or hypothetical, in direct violation of the prohibition of courts and judges resolving hypothetical legal questions. Finally, the magistrate judge committed yet another error, to which I object, in looking beyond the pleadings at this juncture of the proceeding.

If the magistrate judge was truly limited to determining whether this case is subject to summary dismissal pursuant to 28 U.S.C. 1915(e)(2)(B), then evaluation of the pleading itself would be the only examination and consideration. In fact, it is

my contention that 28 U.S.C. 1915(e)(2)(B) limits the scope of review to the record of the pleadings themselves and nothing beyond that, which would allow a reviewing judge to determine if an action or appeal is frivolous or malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Why, then, would a reviewing judge need to look beyond the record of the pleading to determine those questions? It was error for the magistrate judge to look beyond the pleadings, in determining whether the underlying verified complaint is frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.

The magistrate judge's finding and conclusion that "any such claims against Defendants are subject to summary dismissal" is flawed because, as the magistrate judge's analysis failed to accept as true the facts of the verified complaint that the defendants acted without jurisdiction. When the facts of the verified complaint are properly accepted as true, there can be no conclusion that the defendants are entitled to absolute judicial immunity at this juncture of the proceeding.

Finally, it was error for the magistrate judge to recommend summary dismissal without leave to amend. The reason for her error is because the magistrate's recommendation is predicated on her omission, from her analysis, of the factual allegation that the defendants acted without jurisdiction.

Because the magistrate judge was duty-bound to accept as true the factual allegation that Defendants acted without jurisdiction, the magistrate's failure (to address that pivotal factual averment, or to include it in her analysis) constrained her to find and conclude the defendants are entitled to absolute judicial immunity, and thus to further recommend that the dismissal be without leave to amend.

Because the I would like to clarify and contrast the different time frames between the two different federal offenses committed by the defendants (the criminal conspiracy against my civil rights occurred prior to, and wholly outside of, any judicial proceeding and during which the judges were acting as private actors: the criminal deprivation of rights occurred during subsequent a proceeding). I therefore move to amend the underlying matter.

## BECAUSE THE JUDGE-MADE DOCTRINE OF ABSOLUTE IMMUNITY IF UNLAWFUL, THE COURT CANNOT RECOGNIZE IT.

In Pierson v. Ray, supra, the United States Supreme Court created a doctrine of absolute judicial immunity. Surprisingly, the Supreme Court did not, at that time, realize that the Supremacy Clause of the U.S. Constitution categorically forbids any and all state action that is contrary to the U. S. Constitution.

Thus, the Supremacy Clause itself prohibited or otherwise constrained the United States Supreme Court from creating any doctrine or device that permits or otherwise immunizes any state action (be it legislative, executive, or judicial) which violates any federal law.

Accordingly, the Supreme Court's unlawful doctrine of absolute judicial immunity must be abrogated and abolished.[11] I hereby adopt the dissent of JUSTICE DOUGLAS in *Peirson v. Ray*, supra, in arguing that the judge-made doctrine of absolute judicial immunity is wholly unconstitutional: No federal court of law, nor a federal judge of a federal court of law, can or may authorize a state actor to act, with absolute immunity, in violation of federal law. That would be in direct contravention of the Supremacy Clause. I am confident that retired federal judge, the **Hon. John Michael Luttig**, will agree with each of the arguments presented in these Objections including the argument that no judge, let alone a group of judges, is absolutely immune from criminal prosecution (and/or from civil suit) for conspiring, outside of a legal or judicial proceeding, to injure, threaten or intimidate a person in the free exercise or enjoyment of any right or privilege secured by the Constitution or laws of the United States.

---

TO: The Honorable Merrick Garland, Attorney General of the United States;

The Honorable Adair F. Boroughs, United States Attorney for the District of S.C.

---

[11] I hereby incorporate herein by reference, the law article titled **"Judicial Immunity v. Due Process: When Should A Judge Be Subject to Suit?"** and found at the following link
https://mail.google.com/mail/u/0?ui=2&ik=cb678461f1&attid=0.1&permmsgid=msg-a:r3769705592089440971&th=18dc150145471e5c&view=att&disp=inline&realattid=18dc14e8a9f799c297c1

Pursuant to 18 U. S. C. section 3332 (a), you are hereby publicly notified of the verified federal criminal complaint underlying this matter (as well as the information concerning President Biden's federal crime) and **I hereby request you to inform the grand jury of such alleged offense**.


March 7, 202, 2024                     *Patrick L. Booker*
                                       _____

                                       U. S. Justice Advocate Patrick L. Booker
                                       patrickbooker85@gmail.com
                                       (864) 526-8981